PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| LAURI A. JOHNSON, | ) | |
| | ) | CASE NO.  1:20CV156 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 21] |
| | ) | |

An Administrative Law Judge ("ALJ") denied Plaintiff Lauri A. Johnson's applications for disability insurance benefits and supplemental security income (collectively "disability benefits") after a hearing.  That decision became the final determination of the Commissioner of Social Security when the Appeals Council also concluded that Plaintiff was not entitled to benefits, affirming the ALJ's decision.

The claimant sought judicial review of the Commissioner's decision, and the case was automatically referred to a magistrate judge for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1).  On January 12, 2021, the assigned magistrate judge submitted a Report and Recommendation (ECF No. 20) suggesting that the Court affirm the Commissioner's decision.  Plaintiff filed Objections to the Report and Recommendation (ECF No. 21), and the Commissioner replied (ECF No. 22), stating that he would stand on the grounds argued in his merits brief (*see* ECF No. 16).  As explained below,

(1:20CV156)

Plaintiff's Objections are well-taken.  The Court remands this matter for further proceedings consistent with this opinion.

### I.  Background

The Report and Recommendation thoroughly narrates the extensive procedural history, medical evidence, and hearing testimony.  ECF No. 20 at PageID #: 1344-50.  It explains that, most recently, after the ALJ concluded that Plaintiff was not entitled to benefits, the Appeals Council affirmed the denial of Plaintiff's claims because, based on Plaintiff's age, education, work experience, and residual functional capacity ("RFC"), Plaintiff can still participate in the national economy, and is therefore not disabled.  *Id.* at PageID #: 1345 (citing Tr. 728-733; 742-761).[1]

The Court presumes the parties' familiarity with this case's extensive background, including its first remand to the agency for further consideration,[2] and discusses only facts relevant to the narrow issue before the Court: the treatment of Dr. Ahn's medical opinion.  The parties agree, and the magistrate judge correctly concluded, that Dr. Ahn, Plaintiff's long-term psychiatrist, qualifies as a "treating physician."  The ALJ, however, identified Dr. Ahn as a "state agency consultant[,]" a medical professional who would have not have met or developed a longitudinal treatment relationship with Plaintiff.  The ALJ did not credit Dr. Ahn's assessment of Plaintiff's mental health.

---

[1] The Certified Transcript of the Administrative Record in this matter, which was compiled on March 1, 2020, appears at ECF No. 10.

[2] This is the second time Plaintiff has appealed her denial of benefits to this Court. *See Johnson v. Commissioner of Social Security*, 1:14CV572(WHB), ECF No. 25 (filed Mar. 9, 2015).

(1:20CV156)

The Commissioner responds that, "[w]hile it is regrettable when an error makes it into a decision, it is important to note that even with mistakes, the court will still affirm when, as here, those mistakes constitute harmless error."  ECF No. 16 at PageID #: 1325.

The magistrate judge concluded that the ALJ's error was harmless because: (1) the relevant medical opinion was partially comprised of a check-box form, and was thus patently deficient; and (2) the ALJ implicitly attacked the relevant medical opinion through his analysis of other reports.  ECF No. 20 at PageID #: 1355.  Plaintiff objects by challenging each of the bases the magistrate judge advanced in support of the harmless-error conclusion.  ECF No. 21. In response, the Commissioner relied on his original brief on the merits.  ECF No. 22.

## II. Standard of Review

When a magistrate judge submits a report and recommendation, the Court is required to conduct a *de novo* review of the issues dealt with in the portions of the report and recommendation to which an appropriate objection has been made.  28 U.S.C. § 636(b). Objections must be specific, not general, to focus the Court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

The Court's *de novo* review of the ALJ's decision invited by Plaintiff's Objections to the Report and Recommendation is "limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence."  *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009).  Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id*. (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197,

3

(1:20CV156)

229 (1938)); *Besaw v. Sec. of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992)

*(per curiam)*.

      If substantial evidence supports the Commissioner's decision, a reviewing court must

affirm the decision even if it would decide the matter differently.  *Cutlip v. Sec'y of Health and*

*Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058,

1059 (6th Cir. 1983) *(per curiam))*.  Moreover, the decision must be affirmed even if substantial

evidence would also support the opposite conclusion.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th

Cir. 1986) *(en banc)*.  This standard "allows considerable latitude to administrative decision

makers. . . . An administrative decision is not subject to reversal merely because substantial

evidence would have supported an opposite decision."  *Id.* (quoting *Baker v. Heckler*, 730

F.2d1147, 1150 (8th Cir. 1984)).  In determining, however, whether substantial evidence

supports the ALJ's findings in the instant matter, the Court must examine the record as a whole

and consider that which fairly detracts from its weight.  *Wyatt v. Sec'y of Health and Human*

*Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

### III. The Treating Physician Rule and Harmless Error Framework

      "In assessing the medical evidence supporting a claim for disability benefits, the ALJ

must adhere to certain standards. One such standard, known as the treating physician rule,

requires the ALJ to generally give greater deference to the opinions of treating physicians than to

the opinions of non-treating physicians[.]"  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406

(6th Cir. 2009).  This is because:

> these sources are likely to be the medical professionals most able to provide a
> detailed, longitudinal picture of [the claimant's] medical impairment(s) and may
> bring a unique perspective to the medical evidence that cannot be obtained from the

4

(1:20CV156)

> objective medical findings alone or from reports of individual examinations, such
> as consultative examinations or brief hospitalizations.

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. §

404.1527(d)(2)).[3]

The ALJ "must" give a treating source opinion controlling weight if the treating source

opinion is "well-supported by medically acceptable clinical and laboratory diagnostic

techniques" and is "not inconsistent with the other substantial evidence in [the] case record." *Id*.

(quoting 20 C.F.R. § 404.1527(d)(2)).  "Closely associated with the treating physician rule, the

regulations require the ALJ to "always give good reasons in [the] notice of determination or

decision for the weight" given to the claimant's treating source's opinion." *Blakely*, 581 F.3d at

406 (quoting 20 C.F.R. § 404.1527(d)(2)).  Accordingly, the ALJ was required to give "good

reasons" for his treatment of Dr. Ahn's medical opinion.

The Sixth Circuit has stated that the failure to mention and consider an opinion of a

treating source is grounds for remand under the treating source rule.  *Blakley*, 581 F.3d at 407-

08.  "Therefore, absent a finding of harmless error, this Court *must* remand." *Richards v.*

*Comm'r of Soc. Sec.*, No. 1:13CV1652, 2014 WL 4421571, at *9 (N.D. Ohio Sept. 8, 2014)

(emphasis added); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 747-50 (6th Cir. 2007).

"[I]f a treating source's opinion is so patently deficient that the Commissioner could not

possibly credit it, a failure to observe § 1527(d)(2) may not warrant reversal." *Wilson*, 378 F.3d

at 547.  The Sixth Circuit has also allowed courts to conclude that such a violation of the treating

---

[3] The Regulations related to the evaluation of medical evidence, including the opinions of treating physicians, were amended effective March 27, 2017.  Because Plaintiff's applications were filed before that date, the regulations set forth in § 404.1527 and § 416.927 ("Evaluating opinion evidence for claims filed before March 27, 2017") apply.  These regulations incorporate the Treating Physician Rule.

(1:20CV156)

physician rule is harmless when "the Commissioner has met the goal of § 1527(d)(2)—the provision of the procedural safeguard of reasons—even though [he] has not complied with the terms of the regulation." *Id.*  "An ALJ may accomplish the goals of this procedural requirement by indirectly attacking the supportability of the treating physician's opinion or its consistency with other evidence in the record." *Richards*, 2014 WL 4421571 at *9 (quoting *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 440 (6th Cir. 2010) (emphasis in original).

The Sixth Circuit has expressly and repeatedly cautioned it will be "the 'rare case' in which a § 1527(d)(2) violation [can be] deemed harmless because the ALJ's analysis met the goal, but not the letter, of the rule." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 749 (6th Cir. 2007) (quoting *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 472 (6th Cir. 2006)); *see also Thaxton v. Comm'r of Soc. Sec.*, 815 F. App'x 955, 960 (6th Cir. 2020) ("[W]e have said that harmless error is saved for the 'rare case' where the ALJ has met the 'goal' of § 404.1527, 'if not meeting its letter.'")

## IV.  Analysis

Dr. Ahn provided a medical opinion noting that Plaintiff had marked limitations in her ability to maintain attention and concentration for two-hour periods, to perform work activities at a reasonable pace, to keep a regular work schedule and maintain punctual attendance, and to interact appropriately with others.  Tr. 577.  If Dr. Ahn's opinion were credited in full, Plaintiff would be considered disabled under the "B" criteria of Listing 12.[4]  Furthermore, the vocational

---

[4] In his analysis of Listings 12.04 and 12.06, the ALJ concluded that Plaintiff had only mild restrictions in her activities of daily living, and moderate difficulties in both social functioning, and maintaining concentration, persistence, or pace.  Tr. 15.

(1:20CV156)

expert in this case testified if *even one* of the four assessments of "marked" were credited, "then

a worker could not sustain any job." Tr. 830-31.

**A.  Patent Deficiency**

The magistrate judge concluded:

The Sixth Circuit has held that a checkbox opinion, unaccompanied by any explanation, is "'weak evidence at best' and meets our patently deficient standard." *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 475 (6th Cir. 2016) (citation omitted). Here, Ahn did not offer any explanation for his checkbox opinion that Claimant suffered marked limitations regarding her attention and concentration, work performance and pace, and ability to keep regular work schedule and maintaining punctual attendance. (ECF No. 10 at 584). Accordingly, Ahn's checkbox opinion on these areas is patently deficient.

ECF No. 20 at PageID #: 1356.  The opinion at issue in this case is distinguishable from that in

*Hernandez*.  In this case, Dr. Ahn's opinion is not so deficient "that that the Commissioner could

not possibly credit it[,]" as is required for a finding of harmless error.  *Hernandez*, 644 F. App'x

at 474 (cleaned up).  By contrast, the form in *Hernandez* lacked "any explanation."  *Id.*

Here, not only does Dr. Ahn's form include handwritten explanations and commentary,

explaining that Plaintiff's medication regimen requires constant change and has yet to effectively

manage her symptoms, it also explains how her mental health was impacted by her physical

ailments.  Tr. 577-78.  Dr. Ahn explained that Plaintiff "is consistently unable to sleep well, her

focus [and] ability to concentrate have decreased while irritability have increased."  Tr. 578.

Furthermore, the form is supported by medical records he generated close in time to his

completion of the form.  *See, e.g.*, Tr. 643 (January 2012: "continued fluctuation of symptoms of

depression, anhedonia, irritability, mood swings … easily frustrated + mildly paranoid").  This

assessment is also supported by longitudinal records.  *See, e.g.*, Tr. 644 (September 2010:

"Irritation, mood swings, anhedonia, fluctuating depressive symptoms, anger issues from her

back pain, cynical, claustrophobia, panic like symp[toms].").

7

(1:20CV156)

Dr. Ahn's opinion was sufficiently supported such that it could have rationally been credited by the ALJ. Accordingly, the Court concludes it was not so patently deficient as to render the ALJ's treatment of it harmless.

## B.     Implicit Attack on Dr. Ahn's Opinion

The ALJ's analysis of the record as a whole also does not constitute implicit "good reasons" for giving Dr. Ahn's opinion less than controlling weight. Before discussing the ALJ's analysis of the evidence before him in the most recent hearing, the Court pauses to note some relevant background.

When Plaintiff's first appeal was filed in this District, another assigned magistrate judge explained:

> In effect, the ALJ did not claim to reject or diminish the treating source opinion at all, but attempted to make it invisible by grouping it in with a less restrictive opinion by a less weighty source, and then elevating the lesser opinion to the status of being representative of the whole, and then assigning that opinion considerable weight. For the reasons set out in some detail above, I find that the ALJ's treatment of the medical sources here is not capable of meaningful judicial review.
>
> Moreover, to the extent that the individual strands in the rope can be untangled and examined, I further find that the ALJ has not stated a good reason why the more restrictive functional limitation of the treating source was given "the short end of the stick" so as to prefer the less restrictive limitation offered by a one-time examining source. Clearly, on remand, the better course would be not to lump the opinions of examining and treating sources together for purposes of making generalized comments about an allegedly consistent point of view, but to analyze each opinion under the rubric proper to that source and then to provide reasons capable of meaningful judicial review for any decision regarding appropriate weight.

*Johnson*, 1:14CV572(WHB), ECF No. 25 at PageID #: 890.

That magistrate judge remanded Plaintiff's application for further proceedings, including proper consideration and evaluation of medical opinion evidence. Although the earlier ruling addressed the opinions of a treating physician other than Dr. Ahn, one who treated Plaintiff for

8

(1:20CV156)

physical, rather than mental, ailments, the ALJ received explicit instructions concerning the importance of properly following the treating physician rule – instructions not followed in his most recent decision.

The recommendation to which Plaintiff now objects concludes that the ALJ implicitly discounted Dr. Ahn's assessment that Plaintiff had marked limitations in social functioning and concentration.  ECF No. 20 at PageID #: 1356-60.  There is no dispute that Plaintiff has deficits in these areas, the only question is whether the ALJ (implicitly) gave sufficient reason to discount Dr. Ahn's assessment that the deficiencies are marked, rather than mild or moderate.

The ALJ relied on two grounds in concluding that Plaintiff's limitations were less than marked.  First, the opinions of non-examining sources describing less than marked limitations in these areas.  Second, that there is evidence demonstrating that Plaintiff is able to care for a pet, drive a car, complete chores, watch television, and socialize with her sister and husband.  Tr. 747.

Neither of these are appropriate grounds for discounting the opinion of a treating physician.  As to the opinions of non-treating providers, Sixth Circuit has explained:

> [T]he conflicting substantial evidence [which implicitly attacks the opinion of a treating physician] *must* consist of more than the medical opinions of the nontreating and nonexamining doctors. Otherwise the treating-physician rule would have no practical force because the treating source's opinion would have controlling weight only when the other sources agreed with that opinion. Such a rule would turn on its head the regulation's presumption of giving greater weight to treating sources because the weight of such sources would hinge on their consistency with nontreating, nonexamining sources.

*Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013) (emphasis added).

The ALJ also focused on the idea that the opinions of the non-treating sources, as well as his own assessment of Plaintiff's daily activities, reflected improvement in her symptoms at times.  *See, e.g.*, Tr. 753.  This analysis "appears to be grounded in a myopic reading of the

(1:20CV156)

record combined with a flawed view of mental illness." *Boulis–Gasche v. Comm'r of Soc. Sec.*, 451 Fed.App'x. 488, 494 (6th Cir.2011) (vacating an ALJ's decision in which the ALJ relied on indications of a claimant's relative improvement in determining that no mental impairment existed); *see also* Winn v. Comm'r of Soc. Sec., 615 F. App'x 315, 323 (6th Cir. 2015). "[I]mprovement in the level of mental functioning is a relative concept and is dependent on the base level from where the improvement is measured. The Sixth Circuit has held that better does not mean no longer impaired." *Therrien v. Comm'r of Soc. Sec.*, No. 18-12966, 2019 WL 3202194, at *6 (E.D. Mich. June 28, 2019)[5] (cleaned up) (collecting authorities). That symptoms associated with mental impairments may wax and wane more than many physical ailments only heightens the value of a treating physician who has the benefit of examining and working with a patient over time.

The ALJ's combination of his assessment of the non-treating physicians with his personal assessment of Plaintiff's daily activities, *i.e.* proof that a claimant can shop, clean, cook, and provide self-care or childcare, do not disprove a treating physician's opinion that the claimant has disabling function.

> The activities about which claimant testified he participated in, in our opinion— helping his wife with the housework, helping to mop the floor, and wash the dishes, helping her to cook, walking about eight blocks a day to the store, to the filling station, and in his yard, cutting half the grass on their lot with a power mower one day, and half, the next day, driving the automobile twice a week, 74 miles a day, making light wooden chains as a hobby, as a pastime to avoid having nothing to do— none of these activities would constitute gainful employment.

*Floyd v. Finch*, 441 F.2d 73, 114 (6th Cir. 1971).

---

[5] *Adopted*, No. 18-12966, 2019 WL 3081217 (E.D. Mich. July 15, 2019).

10

(1:20CV156)

Accordingly, the ALJ's findings that Plaintiff was able to engage, on occasion, in "grooming, dressing and bathing, cooking, cleaning, laundry, doing dishes, making simple meals, going grocery shopping and caring for her dogs and her daughter[,]" is inadequate to ignore the opinion of a treating physician.  Tr. 756. [6]

In determining what work a claimant can do, the agency must assess "an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis."  SSR 96–8p, 1996 WL 374184, at *1.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."  *Id.*; *see also* 20 C.F.R. § 404.1520a(c)(2); *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 838 (6th Cir. 2016); *Gayheart*, 710 F.3d at 377.  The ALJ's assessment of Plaintiff's daily activities did not meet this standard.

It is well-settled that "a claimant need not prove she is bedridden or completely helpless to be found disabled."  *Hall v. Celebrezze*, 314 F.2d 686, 690 (6th Cir.1963)*; Reed v. Barnhart*, 399 F.3d 917, 923 (8th Cir. 2005) (collecting decades of authority across circuit courts of appeal stating exactly the same).  To find that the ALJ's error of ignoring the disabling limitations described by a treating physician was harmless because of his discussion of Plaintiff's ability to perform basic household tasks and socialize with her sister would be contrary to binding precedent.

---

[6] *See also Walston v. Gardner*, 381 F.2d 580, 586 (6th Cir.1967) ("The fact that [a claimant] can still perform simple functions, such as driving, grocery shopping, dish washing, and floor sweeping does not necessarily indicate that this [claimant] possesses an ability to engage in substantial gainful activity.  Such activity is intermittent and not continuous, and is done in spite of pain suffered by [claimant]."); *Melendez v. Comm'r of Soc. Sec. Admin.*, No. 1:13CV01720, 2014 WL 2921938, at *7 (N.D. Ohio June 27, 2014).

11

(1:20CV156)

## V.  Conclusion

For the foregoing reasons, Plaintiff's Objections to the Report and Recommendation are well-taken.  The Court remands this matter to the agency for further proceedings consistent with this opinion.


IT IS SO ORDERED.


March 31, 2021                                              */s/ Benita Y. Pearson*
Date                                                         Benita Y. Pearson
                                                             United States District Judge